*In re* MARRIAGE OF RITA ANN DAGHER, Petitioner-Appellant, and MARK DAGHER, Respondent-Appellee.

First District (4th Division)   No. 85—1584

Opinion filed June 9, 1986.

Norman Becker and Selwyn Blum, both of Chicago (Gary E. Dienstag, of counsel), for appellant.

Jane F. Fields, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

This appeal involves the question of whether Illinois will recognize and enforce a Nevada custody-modification decree.

On October 28, 1983, a Nevada court entered a decree of divorce dissolving the marriage of the petitioner, Rita Ann Dagher, and the respondent, Mark Dagher. Physical custody of the minor children, Mark and Monique, was granted to Rita Ann. On February 8, 1984, the respondent, Mark, filed a motion for temporary custody of the children and to set aside the original decree of divorce. At the time the motion was filed, Rita Ann was represented by counsel. In that same month of 1984, Rita Ann moved to Illinois with the minor child Monique. Both have been residing in this State ever since.

On April 22, 1985, the Nevada court ruled in favor of Mark on his motions of February 8, 1984, thereby modifying the prior custody order and granting custody of Monique to him. One month later, Mark

petitioned the circuit court of Cook County to give full faith and credit to the Nevada modification order of April 22, 1985. That motion was granted. Thereafter, Rita Ann filed a motion requesting that the order recognizing the Nevada custody-modification decree be vacated and that the court conduct an evidentiary hearing as to the jurisdiction of the Nevada court to enter the modification order. The trial court denied Rita Ann's motion. This appeal followed.

Whether the trial court was correct in denying the petition to vacate the order recognizing and enforcing the Nevada decree and in denying Rita Ann's request for an evidentiary hearing on the issue of jurisdiction is governed by the Uniform Child Custody Jurisdiction Act (the Act) (9 U.L.A. 111–70 (1979); Ill. Rev. Stat. 1985, ch. 40, par. 2101 et seq.).[1] One of the goals of the Act is to avoid jurisdictional competition and conflict between States in matters of child custody. The Act seeks to provide certainty in child custody decrees with regard to questions such as when must a court of one State recognize and enforce a foreign custody decree; when may a court of one State modify a custody decree rendered by a sister State; and, when may a court initially exercise jurisdiction to decide a custody matter. Uniform Child Custody Jurisdiction Act, Commissioners' Prefatory Note, 9 U.L.A. 112 (1979).

In this case, section 2114 of the Act governs the issue of recognition and enforcement. This section provides:

"The courts of this State shall recognize and enforce an initial or modification judgment of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this Act or which was made under factual circumstances meeting the jurisdictional standards of the Act, so long as this judgment has not been modified in accordance with the jurisdictional standards substantially similar to those of this Act." (Ill. Rev. Stat. 1985, ch. 40, par. 2114.)

As applied to this case, section 2114 requires that Illinois recognize the Nevada custody decree if Nevada "had assumed jurisdiction under statutory provisions substantially in accordance with the" Act. Whether or not Nevada properly assumed jurisdiction to modify its prior custody determination so as to invoke the mandate of section 2114 is resolved, in turn, by reference to the Act, section 2104. Under

---

[1]With some variation, which is not relevant here, both Illinois and Nevada have adopted the Uniform Child Custody Jurisdiction Act. (See Nev. Rev. Stat. 1985, 125 A.100 through 125 A.250.) For purposes of this opinion, citations are made to the Illinois Revised Statutes.

section 2104, jurisdiction to render an initial or custody modification decree exists if:

"1. this State

(i) is the home state of the child at the time of commencement of the proceeding, or

(ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

2. it is in the best interest of the child that a court of this State assume jurisdiction because

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and

(ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

3. the child is physically present in this State and

(i) the child has been abandoned or

(ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

4. (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs 1., 2., or 3., or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and

(ii) it is in the best interest of the child that this court assume jurisdiction.

(b) Except under paragraphs 3. and 4. of subsection (a), physical presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody." Ill. Rev. Stat. 1979, ch. 40, par. 2104.

It is at this juncture that Rita Ann argues that the trial court erred in denying her request for an evidentiary hearing as to the issue of Nevada's jurisdiction. In her petition for an evidentiary hearing, Rita Ann argues, without factual support, that Nevada did not have jurisdiction to modify the prior custody decree under section

2104. Additionally, she argues on appeal that under section 2104 Illinois is now the home State of the child and that there is no evidence that it is in the best interests of the child that Nevada retain jurisdiction to modify. These arguments, however, overlook the fact that Nevada had jurisdiction to modify under section 2104(a)(1)(ii). Specifically, the action for modification was commenced on February 28, 1984. There is no contention that Nevada was not the home State of the child within six months prior to that time. Further, the child was absent from Nevada due only to the fact that Rita Ann had moved with the child to Illinois. In Rita Ann's petition for an evidentiary hearing, she fails to allege any facts that would negate a finding that Nevada had jurisdiction to modify its prior decree. Additionally, the record reflects that during the hearing on Rita Ann's motion to vacate the order granting full faith and credit the trial court was apprised of the jurisdictional facts which would have been presented at a supplemental evidentiary hearing on the issue of jurisdiction. As a result, the exercise of jurisdiction by the Nevada court was in accordance with the jurisdictional prerequisites of the Act and thus Illinois is required under section 2114 to give full faith and credit to the Nevada order. Moreover, this comports with the policy considerations that underlie the Act and section 2114; specifically, to deter the unilateral removal of children undertaken to obtain custody awards, to avoid relitigation of custody decisions of other States, and to facilitate enforcement of custody decrees of other States. Ill. Rev. Stat. 1985, ch. 40, par. 2102; accord, *Negar v. Negar* (1983), 93 N.J. 15, 459 A.2d 628; *Kumar v. Superior Court of Santa Clara County* (1982), 32 Cal. 3d 689, 652 P.2d 1003, 186 Cal. Rptr. 772.

Hence, in the absence of an adequate showing that Nevada no longer retained jurisdiction to modify its prior decree, we believe that the trial court properly denied Rita Ann's motion to vacate the granting of full faith and credit to the Nevada order and properly denied her request for an evidentiary hearing. Accordingly, the trial court order denying the petition to vacate the order granting full faith and credit and denying an evidentiary hearing is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.