*In re* MARRIAGE OF SUSAN MAURO, Petitioner-Appellant, and GARY MAURO, Respondent-Appellee.

First District (5th Division)   No. 1—87—0453

Opinion filed August 18, 1989.

David M. Mattenson and William J. Arendt, both of Kanter & Mattenson, Ltd., of Chicago, for appellant.

Schiller, Du Canto & Fleck, Ltd., of Chicago (Charles J. Fleck and Sarane C. Siewerth, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:
The subject of this appeal is an order entered by the circuit court of Cook County pursuant to the Uniform Child Custody Jurisdiction

Act (UCCJA) (Ill. Rev. Stat. 1987, ch. 40, par. 2102 *et seq.*) extending full faith and credit to a custody judgment entered by the circuit court of Oakland County, Michigan. The issue presented for review is whether the trial court erroneously extended full faith and credit to the Michigan court judgment.

According to our review of the record, on January 14, 1986, a judgment for dissolution of marriage was granted to the parties by the Michigan court. In relevant part, the judgment awarded joint custody of the two children, six-year-old Vanessa and three-year-old Jacqueline, to the parties. The wife was granted physical custody of the children and the father was given "reasonable and liberal" rights of visitation. In August 1986, an order was entered modifying the judgment to permit the wife to remove the children to Chicago, Illinois, pursuant to her change of domicile. The father was granted visitation on Labor Day weekend of 1986, alternate weekends thereafter, holidays and for six weeks every summer.

The mother permitted the father to visit with the children Labor Day weekend but denied his requests for visitation thereafter. On October 22, 1986, she filed a petition in the Michigan court to terminate his visitation, which was denied without an evidentiary hearing. Thereafter, the father filed a motion to show cause and to modify the custody judgment in the Michigan court. On December 1, 1986, that court entered an order granting the father custody of the children "permanently or until further order of court." Nine days later, the father specially appeared before the circuit court of Cook County and presented an *ex parte* motion to enroll and enforce the Michigan custody order pursuant to section 16 of the UCCJA (Ill. Rev. Stat. 1987, ch. 40, par. 2116) and require the mother to turn over the children to him. The court then entered an order granting the father's motion. On December 11, 1986, the mother filed her petition to terminate the father's visitation with the minor children. Therein, she alleged that the father had sexually assaulted the minor children when he had visitation with them over the Labor Day weekend. On December 16, 1986, she filed a response to the father's *ex parte* motion and alleged, *inter alia,* that the Michigan court order was erroneously entered because that court had failed to consider the best interests of the children.

On December 19, 1986, after considering pleadings filed by the parties and argument of counsel, the trial court entered an order finding that the Michigan court had failed to consider the best interests of the children when it granted the father custody and that the December 1, 1986, order was erroneous and could not be enforced pursuant

to section 16 of the UCCJA. The trial court then vacated its order of December 10, 1986, enforcing the Michigan court order and continued the mother's petition to terminate the father's visitation with the minor children.

On January 7, 1987, counsel for both parties appeared before the Michigan court, which then entered an order clarifying its order of December 1, 1986, and finding that it was in the best interests of the children that their custody be awarded to the father. On February 11, 1987, the trial court entered an order extending full faith and credit to the Michigan court order on the ground that it had satisfied the requisite best interests finding. Concomitantly, the trial court declined to hear the mother's petition to terminate the father's visitation.

■■ ■ The mother now contends that the trial court erroneously extended full faith and credit to the Michigan court order and improperly declined hearing her petition to terminate the father's visitation. Initially, we note that the principal purposes of the UCCJA are to avoid conflicts with courts of other States, to protect the best interests of the child, and to discourage forum shopping. (Ill. Rev. Stat. 1987, ch. 40, par. 2102; *In re Marriage of Levy* (1982), 105 Ill. App. 3d 355, 358, 434 N.E.2d 400.) Illinois courts recognize and enforce initial or modification custody judgments of sister States which are rendered in substantial accord with the UCCJA or satisfy its jurisdictional standards. (Ill. Rev. Stat. 1987, ch. 40, par. 2114.) A certified copy of a custody judgment tendered by a sister State which meets the requirements of section 14 and has been filed with any clerk of an Illinois circuit court has the same effect and is enforceable as a custody judgment rendered by an Illinois court. Ill. Rev. Stat. 1987, ch. 40, par. 2116.

According to the foregoing principles, Michigan had jurisdiction to modify its custody order if it met the requirements of section 4 of the UCCJA, as set forth below:

"1. this State

(i) is the home state of the child at the time of commencement of the proceeding, or

(ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

2. it is in the best interest of the child that a court of this State assume jurisdiction because

(i) the child and his parents, or the child and at least one

contestant, have a significant connection with this State, and
(ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships ***." Ill. Rev. Stat. 1987, ch. 40, par. 2104.

■■ A review of the record discloses that Michigan was the home State of the minor children when the father commenced the custody action. The father then resided in Michigan and the mother and minor children had moved from there no more than three months before the father filed his petition. Further, the mother had filed her petition to terminate the father's visitation before the Michigan court one month before the father initiated the action for custody. When the Michigan court denied the mother's petition to terminate the father's right to visitation, she could have appealed that order to the appellate court of the State of Michigan by filing her petition to terminate the father's visitation in Michigan. She failed to do so and she thereby implicitly acknowledged that Michigan retained jurisdiction over the cause. We believe that Michigan properly exercised jurisdiction in accordance with the UCCJA purposes to discourage forum shopping and to deter removal of children to obtain custody awards. *In re Marriage of Dagher* (1986), 145 Ill. App. 3d 379, 382, 495 N.E.2d 1004.

Under the circumstances, we must conclude that the trial court properly extended full faith and credit to the Michigan court order which satisfied the requirements of section 14 of the UCCJA. Ill. Rev. Stat. 1987, ch. 40, par. 2114.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ and COCCIA, JJ., concur.