*In re* MARRIAGE OF DEBORAH T. BUECHE, Petitioner-Appellant, and PATRICK M. BUECHE, Respondent-Appellee.

Second District   No. 2—89—0067

Opinion filed January 31, 1990.

Terrence P. LeFevour and Samuel V.P. Banks, both of Chicago, for appellant.

Herbert A. Glieberman, of Chicago, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Petitioner, Deborah T. Bueche, appeals the order of the circuit court of Du Page County which dismissed her petitions to enroll a Michigan judgment of divorce and to modify visitation on the ground of lack of jurisdiction. The petitioner and the respondent, Patrick M. Bueche, were residents of the State of Michigan. One child, Jean Marie Bueche, was born to the marriage on February 13, 1987. The judgment of divorce (the decree) was entered by the Genesee County circuit court in the State of Michigan on February 8, 1988.

■ Petitioner argues on appeal that the circuit court of Du Page County erred in determining there were "not significant contacts" with the State of Illinois even though their child lived with her in Illinois for six months. In addition, respondent has moved to strike the petitioner's brief because the report of proceedings was not certified by the trial court as true and correct under Supreme Court Rule 323(b) (107 Ill. 2d R. 323(b)). However, respondent has not alleged that he was prejudiced by any inaccuracies or omissions in the record. The appellate court may amend the record pursuant to Rule 329 (107 Ill. 2d R. 329) and treat the transcript as properly certified. (*Ray v. Winter* (1977), 67 Ill. 2d 296, 303; *Sakellariadis v. Spanos* (1987), 163 Ill. App. 3d 1084, 1088.) Thus, we deny the motion to strike the brief.

The decree provided that the parties should have joint custody of the minor child with the petitioner having primary physical custody. The decree included elaborate provisions for the respondent's visitation, with the respondent having visitation every fourth week during the relevant period. Since the child would live with petitioner in Illinois, the decree provided that transportation of the child would be shared by both parties, and, if the parties could not agree on a meeting place for exchanging the transportation of the child, the parties would pick up or return the child at the halfway point, namely, Kalamazoo, Michigan. The decree also provided that the Michigan court would retain jurisdiction over the parties and the subject matter until all provisions of the decree were performed.

On August 12, 1988, six months and four days after the entry of the decree, petitioner filed a petition to enroll the decree and a petition to modify visitation. She alleged that the visitation provisions should be modified because, *inter alia*, the respondent had been convicted of reckless homicide and had had his driver's license suspended; respondent was transporting the child to and from Illinois without a valid driver's license; and respondent was transporting the child while driving under the influence of alcohol, thus endangering the child's life. Service of process upon respondent was made by personal service.

The attorney for respondent filed a special and limited appearance to contest the jurisdiction of the circuit court of Du Page County, Illinois. In that petition, respondent argued that the circuit court of Illinois did not have jurisdiction; that the proper jurisdiction was in the Michigan court; that the Michigan court retained jurisdiction under the retention of jurisdiction clause; and that Illinois had no personal jurisdiction over the respondent.

On December 19, 1988, the trial court heard arguments on the respondent's special and limited appearance which was filed in opposition to petitioner's petition to enroll judgment. After this presentation the trial court "specified" that the proper jurisdiction for resolution of a petition to modify custody within six months after the decree is in the State of jurisdiction (Michigan). The trial court then determined that there are not significant contacts between the State of Illinois, the child and the mother at the time of the hearing to vest jurisdiction in the trial court and divert it from the Michigan court.

The trial court denied the petition to enroll the judgment and dismissed the petition to modify the judgment.

On appeal, petitioner argues that the circuit court of Illinois had jurisdiction because of her residence and the child's residence in Illinois; that personal jurisdiction over the respondent was obtained under the long-arm statute for respondent's "tortious conduct" underlying her cause of action (Ill. Rev. Stat. 1987, ch. 110, par. 2—209(a)(2)); that respondent transformed his special appearance into a general appearance; and that respondent appeared generally when he moved to dismiss petitioner's attorney fee petition on the ground of lack of jurisdiction on March 27, 1989.

■ Regarding the last contention, the fee petition is not included in the record on appeal; hence, we do not know whether it was pending at the time of the filing of the notice of appeal. If it was pending, the order of dismissal was not final for purposes of Rule 301 (107 Ill. 2d R. 301), and this appeal would have to be dismissed. (*In re Mar-*

*riage of Piccione* (1987), 158 Ill. App. 3d 955, 963.) However, on February 27, 1989, the trial court granted petitioner's motion for substitution of attorneys and granted her lawyer leave to file a fee petition. Thus we can infer that the fee petition was filed subsequent to the notice of appeal, was not pending prior to the notice of appeal, and thus the order of dismissal was final. However, those matters occurring after the filing of the notice of appeal are not properly part of the record on appeal. (*In re Marriage of Holder* (1985), 137 Ill. App. 3d 596, 602.) Thus we do not consider whether respondent's motion to dismiss the fee petition for lack of jurisdiction constituted a general appearance.

▆▆ ▆ Because the petitioner sought to modify visitation rights, this matter is a "custody determination" (Ill. Rev. Stat. 1987, ch. 40, par. 2103.02), and we must apply the Uniform Child Custody Jurisdiction Act (the Act) (Ill. Rev. Stat. 1987, ch. 40, par. 2101 *et seq.*; *In re Marriage of Rogers* (1986), 141 Ill. App. 3d 561, 564; *In re Marriage of Pavelcik* (1985), 138 Ill. App. 3d 1060, 1066.) In Illinois, section 15 of the Act has been amended to provide that an Illinois court may not modify a child custody judgment of another State unless that State no longer has jurisdiction *or* the Illinois court has jurisdiction. (Ill. Rev. Stat. 1987, ch. 40, par. 2115.) Thus, an Illinois court may modify a foreign custody judgment even if the other State has jurisdiction so long as the Illinois court has jurisdiction under section 4 of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 2104). See Cook, *Jurisdiction in Dissolution of Marriage Cases*, 77 Ill. B.J. 266, 271 (1989).

▆▆ ▆ An Illinois circuit court has jurisdiction to make a child-custody determination by initial or modification judgment if one of four criteria is satisfied, one of which is whether this State is the home State at the time of the commencement of the proceeding. (Ill. Rev. Stat. 1987, ch. 40, par. 2104(a)(1)(i).) The "home state" is defined as the State in which the child, immediately preceding the time involved, lived with a parent for at least six consecutive months; however, periods of temporary absence are counted as part of the six-month period. Ill. Rev. Stat. 1987, ch. 40, par. 2103.04.

▆▆ There is no evidence in this record from which the trial court could determine whether Jean Marie Bueche lived with her mother in Illinois for six months prior to filing of the petition. If she did, the Illinois court would have jurisdiction to proceed to consider these matters. If she did not reside in Illinois for six months, the Michigan court would be the forum to resolve this dispute.

Since the trial court had before it no evidence upon which to base its decision that the child had not resided in Illinois long enough to

make Illinois the "home state" for purposes of the statutory provisions, the trial court's ruling was error which necessitates a reversal and remand for rehearing.

Under the Act, personal jurisdiction over either parent is not necessary for a circuit court to modify a custody order so long as the jurisdictional requirements of section 4 are met. (*In re Marriage of Schuham* (1983), 120 Ill. App. 3d 339, 346.) Respondent was given proper notice under the Act by personal service of the petition. (Ill. Rev. Stat. 1987, ch. 40, par. 2106.) We do not believe that respondent's pleadings constituted a general appearance since they were all relevant to the single purpose of contesting jurisdiction (*Schuham*, 120 Ill. App. 3d at 344-45); the issue of whether he personally appeared is not relevant because the circuit court would still have jurisdiction to modify the custody order once it found jurisdiction under section 4. It is likewise unnecessary to determine whether the long-arm statute applies, whether respondent's actions were tortious, or whether the actions occurred in Illinois. Had petitioner sought other relief besides the custody determination, we would have to address these issues. 120 Ill. App. 3d at 348.

Had the trial court found it had subject matter jurisdiction, it could properly dismiss the petition if it determined Michigan was a more convenient forum. (Ill. Rev. Stat. 1987, ch. 40, par. 2108(a).) In a *forum non conveniens* determination, the court must consider what is in the best interests of the child using many factors, such as whether another State was recently the child's home State, whether another State has closer connections with the child or family, whether substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another State (Ill. Rev. Stat. 1987, ch. 40, par. 2108(c)), as well as the purposes of the Act, which include avoiding conflict among the courts, promoting cooperation, avoiding relitigation, facilitating enforcement, and stabilizing the home environment (Ill. Rev. Stat. 1987, ch. 40, par. 2102). Because the trial court found it did not have jurisdiction under the Act, it did not receive evidence concerning the appropriate forum; hence, we must remand the cause for the trial court to make that determination. *In re Marriage of Levy* (1982), 105 Ill. App. 3d 355, 363.

Finally, respondent argues that the retention of jurisdiction clause in the original judgment acts as a forum selection clause and constitutes an agreement that the Michigan circuit court would be the only court invoked to resolve disputes arising from the agreement. Respondent notes a forum selection clause was upheld in *In re Mar-*

*riage of Hilliard* (1989), 178 Ill. App. 3d 620, 622.

We do not find *Hilliard* controlling in this case. In *Hilliard,* the Illinois circuit court upheld the forum selection clause of an Illinois decree by noting that an Illinois court retains jurisdiction over custody determinations unless it concedes jurisdiction (Ill. Rev. Stat. 1987, ch. 40, par. 2104(b) (the Marovitz Amendment)). Since the Marovitz Amendment is not part of the Uniform Child Custody Jurisdiction Act but strictly an Illinois enactment, it would not apply to a Michigan court modifying a Michigan decree where the Michigan court would have otherwise lost jurisdiction. Moreover, even a State designated in a forum selection clause could decline jurisdiction if it no longer had sufficient contacts to support jurisdiction. (See *Siegel v. Siegel* (1981), 84 Ill. 2d 212, 227; *Pavelcik,* 138 Ill. App. 3d at 1067.) Nor would the Marovitz Amendment preclude a transfer of jurisdiction under *forum non conveniens.* (See Freidman & Marcus, *The Continuing Jurisdiction Dilemma In Interstate Child Custody Disputes,* 70 Ill. B.J. 304, 308 (1982).) Although a forum selection clause is a factor in a *forum non conveniens* determination (Ill. Rev. Stat. 1987, ch. 40, par. 2108(c)(4)), the clause in the parties' decree is not a forum selection agreement but merely a retention of jurisdiction clause. By contrast, the clause in *Hilliard* was an explicit agreement by which the parties bound themselves to file all post-decree proceedings in Illinois only. (*Hilliard,* 178 Ill. App. 3d at 622.) Thus, respondent's argument is not persuasive, and we do not interpret the clause as mandating the Michigan forum in this case.

For the above reasons, the order of the circuit court of Du Page County, finding no jurisdiction of this matter, is reversed. The cause is remanded for an evidentiary hearing and then a determination of whether Illinois is the "home state" of the minor and, if such is the case, whether the trial court should decline to exercise jurisdiction on the basis of *forum non conveniens.*

Reversed and remanded; motion denied.

REINHARD and INGLIS, JJ., concur.