*In re* MARRIAGE OF CATHERINE L. LOS, Petitioner-Appellee, and SIMON G. LOS, Respondent-Appellant.

Second District   No. 2—91—0910

Opinion filed May 19, 1992.

Simon G. Los, of Wilmington, Delaware, appellant *pro se*.

Eva W. Tameling, of Botti, Marinaccio, DeSalvo & Tameling, Ltd., of Oak Brook, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Respondent, Simon G. Los, appeals after the circuit court of Du Page County issued a plenary order of protection that restricted his visitation rights for a two-year period. Simon, a resident of Dela-

ware, contends that the Illinois trial court lacked personal jurisdiction to enter the order of protection sought by petitioner, Catherine L. Los. He alternatively contends that the trial court abused its discretion in issuing the protective order. We reverse and remand.

The parties were divorced in August 1989. At that time, Simon and Catherine had two sons, Benjamin and Morgan. Before the final divorce decree, Catherine and the children moved to Chicago to live with her parents. On October 13, 1989, the family court of Delaware awarded primary custody to Catherine in Illinois. Simon was awarded visitation for July and August of each year, from December 26 through January 1 of each year, "from Tuesday through Sunday during the weeks [sic] following the childrens' [sic] spring vacation from school," alternate Thanksgivings, and three weekends a year in October, February and June.

The visitation schedule remained unmodified until March 1991. On March 15, Catherine filed a petition to domesticate the Delaware judgment for dissolution of marriage pursuant to section 511(c) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (Ill. Rev. Stat. 1989, ch. 40, par. 511(c)). Simon, pro se, filed an answer, appearing "specifically and not generally" to contest jurisdiction. Between the time of Catherine's petition and Simon's answer, the Delaware Supreme Court ordered that Simon's pending motion to amend visitation would be treated as a properly filed petition to amend provided that Simon paid the required filing fee. The record reflects that Simon did not follow through with the petition to amend visitation in the Delaware courts.

On May 9, 1991, Judge Michael Galasso of the eighteenth judicial circuit, Du Page County, received a letter from Judge Jay Conner of the Delaware family court. Judge Conner informed Judge Galasso that the parties had no issues of custody or support pending in the family court. Judge Conner also acknowledged that Simon failed to pay the filing fee to retain his motion for modification of visitation. Simon wrote a letter to Judge Galasso on May 29, 1991, to inform him that the order of the Delaware Supreme Court was being appealed to the United States Supreme Court.

Catherine replied to Simon's answer on June 12, 1991. Her affidavit stated that visitation should be modified because Simon was behind on child support payments, he was unemployed and Catherine did not know his address, and that the children were not properly cared for when visiting Simon. The same day, the Du Page County circuit court domesticated the Delaware judgment. Simon filed a motion for reargument.

According to Judge Conner's order in the Delaware family court, Catherine wrote Simon on June 22 claiming that a hearing to modify custody was scheduled for July 9, and Catherine did not want to permit Simon's summer visitation prior to the hearing. However, the record reflects that Catherine's petition to modify the judgment for dissolution of marriage was not filed until July 1. On July 1, Simon traveled to Illinois to bring his children to Delaware for the court-approved July and August visitation. Simon picked them up at day-care in the morning and returned to Delaware. In response, Catherine filed a petition for order of protection claiming the children had been "abducted." Catherine also filed a petition for a rule to show cause and for attorney fees. According to the record, Catherine also filed the petition to modify the dissolution judgment. The court issued an emergency order of protection for the return of the Los children to Illinois. The order was to expire on July 18.

Simon was sent notice on July 1 that the hearing on the petitions for a rule to show cause, attorney fees and for modification of the judgment would be held on July 9. Catherine also petitioned the Delaware family court to find Simon in contempt for violating the emergency order of protection. Simon claims that he became aware of the protection order several days after returning to Delaware.

On July 8, both Simon and Catherine appeared in the Delaware family court. The Delaware court ordered that Simon had a legal right to visitation pursuant to the dissolution judgment. The court also expressed concerns about whether Illinois courts had subject matter jurisdiction and personal jurisdiction over Simon to modify visitation rights. The court ordered that Simon return to Illinois with the children on July 18 for a weekend visit with Catherine. That date coincided with the hearing in Illinois on July 18 for extension of the protection order.

Meanwhile, the hearing on Catherine's various petitions was scheduled for July 9. Simon failed to appear, and the court ordered that the rule to show cause be issued for Simon's failure to pay child support of $131.54 per week. The court also ordered that the hearing on Catherine's petition to modify the judgment and on the contempt order be set for July 18, the same time as the hearing on the extension of the protection order. Simon filed a memorandum on July 16, again disputing the court's jurisdiction to issue the protection order and to domesticate the Delaware judgment and requested that all pleadings by Catherine in the Illinois courts be dismissed.

On July 18, the trial court issued a plenary order of protection giving full legal custody of the children to Catherine until a hearing

on July 15, 1993. Simon was prohibited from removing the children from the State of Illinois and was allowed visitation if supervised by Catherine or another person selected by her. Simon filed a timely notice of appeal.

Simon contends that the trial court lacked jurisdiction to issue the plenary order of protection under Illinois' Uniform Child Custody Jurisdiction Act (Custody Act) (Ill. Rev. Stat. 1989, ch. 40, par. 2101 *et seq.*) and under Federal law, specifically the Parental Kidnapping Prevention Act of 1980 (Kidnapping Act) (28 U.S.C. §1738A *et seq.* (1988)). Alternatively, Simon contends that the trial court abused its discretion in issuing the plenary order of protection. Catherine contends that the trial court had personal jurisdiction over Simon to enter the protection order and that Simon is estopped from arguing jurisdiction because he failed to appear at the hearing to present his argument.

■ We note that arguments I and II in Catherine's brief, which claim that Simon is estopped from arguing jurisdiction, are not adequately briefed. There are no references to case citations or to the record. We deem these arguments waived by Catherine. *Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.* (1987), 118 Ill. 2d 389, 400-01.

■ Section 208 of the Domestic Violence Act of 1986 states:

"In child custody proceedings, the court's personal jurisdiction is determined by this State's Uniform Child Custody Jurisdiction Act, as now or hereafter amended. Otherwise, the courts of this State have jurisdiction to bind (i) State residents and (ii) non-residents having minimum contacts with this State, to the extent permitted by the long-arm statute, Section 2—209 of the Code of Civil Procedure, as now or hereafter amended." Ill. Rev. Stat. 1989, ch. 40, par. 2312—8.

■ Section 4 of the Custody Act states that the circuit courts have jurisdiction to modify a child custody judgment if, among other reasons:

"1. [T]his State

(i) is the home state of the child at the time of commencement of the proceeding, or

(ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State." Ill. Rev. Stat. 1989, ch. 40, par. 2104(a)(1).

Section 3.04 of the Custody Act defines "[h]ome state" as:

"[T]he state in which the child immediately preceding the time involved lived with *** [a] parent, for at least 6 consecutive months." Ill. Rev. Stat. 1989, ch. 40, par. 2103.04.

■ Section 15 of the Custody Act provides that an Illinois court may modify a child custody judgment of another State if that State no longer has jurisdiction *or* the Illinois court has jurisdiction. (Ill. Rev. Stat. 1989, ch. 40, par. 2115; *In re Marriage of Bueche* (1990), 193 Ill. App. 3d 594, 598.) Under the Custody Act, personal jurisdiction is not necessary for a circuit court to modify the judgment as long as the jurisdictional requirements of section 4 of the Custody Act are met. (*Bueche*, 193 Ill. App. 3d at 599.) If subject matter jurisdiction exists, a court could dismiss the petition for modification if another State is a more convenient forum. *Bueche*, 193 Ill. App. 3d at 599; Ill. Rev. Stat. 1989, ch. 40, par. 2108(a).

■ Even though the *Bueche* case concerned a petition to modify a custody order, its discussion of the jurisdictional principles is applicable here. For a plenary order of protection to issue, the petitioner must establish jurisdiction under section 208 of the Illinois Domestic Violence Act of 1986 (Ill. Rev. Stat. 1989, ch. 40, par. 2312—19). Section 208 of the Domestic Violence Act specifically states that personal jurisdiction is determined by the Custody Act. Thus, the same jurisdictional requirements for a custody order modification under the Custody Act apply to the plenary order of protection appealed from by Simon.

■ We hold that the circuit court of Du Page County had jurisdiction not only to register the Delaware judgment in Illinois but also to issue a plenary order of protection and to accept the other underlying pleadings in this case. The *Bueche* case cannot be any clearer that personal jurisdiction is an irrelevant issue under the Custody Act. However, we do recognize that an argument can be made that the Custody Act jurisdictional requirements infringe upon substantive due process rights.

This court has previously found that the due process clause of the fourteenth amendment limits the power of Illinois courts to modify out-of-State dissolution judgments affecting the rights of nonresident respondents lacking minimum contacts with the State. (See *Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 130.) The fact that Simon's ex-wife lives with her children in Illinois does not necessarily mean that he has purposely availed himself to be subject to the Illinois courts' jurisdiction over him. (*Wiles v. Morita Iron Works Co.* (1988), 125 Ill. 2d 144, 151 ("Jurisdiction will only be proper where the contacts proxi-

mately result from actions by the *defendant himself* that create a 'substantial connection' with the forum State" (emphasis in original).) Moreover, Professors Richman and Reynolds suggest in their treatise, *Understanding Conflicts of Law*, that minimum contacts may be necessary in custody cases:

> "[T]he extension in *Shaffer v. Heitner* [(1977), 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569,] of the minimum contacts requirement to in rem actions [ ] suggest[s] that custody decrees rendered without jurisdiction over all concerned may present serious constitutional concerns. \*\*\*
>
> Some have argued that status adjudications, or at least those involving children, will escape testing under the *Shaffer* standard \*\*\*. Nevertheless, it is possible that the minimum contacts standard will be applied to custody cases." W. Richman & W. Reynolds, Understanding Conflicts of Laws 340 (1984).

Although we acknowledge that the substantive due process argument has some merit, we choose to follow the established precedent. We leave the question of personal jurisdiction under the Custody Act for the legislature to ponder.

■■ Simon also argues that Illinois does not have jurisdiction because Delaware did not, and could not, relinquish jurisdiction pursuant to the Kidnapping Act. Simon cites section 1738A(d), which states:

> "The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant." (28 U.S.C. §1738A(d) (1980).)

However, the relevant section of the Kidnapping Act in this situation is subsection (f):

> "(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if—
>
> (1) it has jurisdiction to make such a child custody determination; and
>
> (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination." (28 U.S.C. §1738(f) (1988).)

Section 15 of the Custody Act is phrased similarly, except that the requirements of subsections (1) and (2) are disjunctive, not conjunctive. Ill. Rev. Stat. 1989, ch. 40, pars. 2115(a)(1), (a)(2).

.

The circuit court of Du Page County had jurisdiction to make a child custody determination in this case as there was jurisdiction under Illinois law, specifically the Custody Act, and Illinois was the children's home State. (28 U.S.C. §§1738A(c)(1), (c)(2)(A)(i) (1988).) We also find that the requirement under subsection (f)(2) of the Kidnapping Act was met. The letter from Judge Conner in the Delaware family court to Judge Galasso of the eighteenth judicial circuit, Du Page County, showed that the Delaware court was no longer exercising jurisdiction to modify the dissolution judgment. Therefore, the Kidnapping Act does not require a different result.

■■ Although Simon did not raise the issue in his brief, we also consider *sua sponte* whether the Illinois court was the most convenient forum under the Custody Act. (Ill. Rev. Stat. 1989, ch. 40, par. 2108.) After reviewing the factors under section 8, we hold that the Illinois court was the most convenient forum. Illinois was the children's home State, was the place containing substantial evidence concerning the children's care, and the purposes of the Custody Act would not be contravened if Illinois exercised jurisdiction. In short, Illinois was the court which could most capably act in the children's best interests. *In re Marriage of Doehner* (1991), 215 Ill. App. 3d 570, 572-73.

Simon's second contention is that the trial court abused its discretion in issuing the plenary order of protection. Simon argues that the emergency order of protection was improperly granted because "exigent circumstances" did not exist to issue the order without prior notice to him, citing *Sanders v. Shephard* (1989), 185 Ill. App. 3d 719. Simon also argues that his procedural due process rights were violated when his parental rights were terminated without proper notice and a hearing.

■■ We agree that Simon's procedural due process rights were violated here. Section 6 of the Custody Act governs the notice requirements in this situation. It states:

"(b) Notice in *all* custody proceedings required for the exercise of jurisdiction over a person outside this State shall be given in a manner best calculated to give actual notice and shall be either:

\* \* \*

3. by any form of mail addressed to the person to be served and requesting a receipt; \* \* \*

\* \* \*

(c) Notice under this Section shall be served, mailed or delivered *at least 10 days before any hearing in this State.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 40, pars. 2106(b)(3), (c).)

As Simon points out, he was not timely notified of the July 9 hearing on the petition to show cause and for attorney fees and the petition to modify the judgment. He received notice after July 1. On July 9, the trial court ordered that the hearing on Catherine's petition to modify would be held on July 18. Simon also did not receive timely notice of this hearing pursuant to the requirements of section 6(c) of the Custody Act. We agree with Catherine that Simon was properly notified of her petition to domesticate the Delaware judgment.

Finally, although Simon received timely notice of the emergency order of protection on July 8, 10 days before the July 18 hearing to extend the order, we find that the order was not based on a showing of "exigent circumstances." The emergency order of protection was based on a false accusation by Catherine that Simon had "abducted" the children. Simon had custody in July and August pursuant to a valid Delaware judgment that was unmodified at the time his visitation began. Further, Catherine's petition for the emergency protection order was not supported by an affidavit demonstrating that exigent circumstances existed justifying the entry of the order without prior notice to Simon. (*Sanders*, 185 Ill. App. 3d at 727.) The record reflects that the attachments to Catherine's petition for the emergency protection order were her petitions for a rule to show cause and attorney fees and her petition to modify the judgment. We found no affidavit attached to these documents.

We vacate the plenary order of protection, the issuance of which was based on the emergency order for protection and Catherine's other petitions, all of which violated Simon's procedural due process rights for lack of proper notice. We remand this cause with directions that the trial court schedule a hearing on Catherine's petitions for a rule to show cause and attorney fees and for modification of the judgment for dissolution of marriage.

We do not appreciate the way in which the judicial system was manipulated in this situation. Catherine should have petitioned for modification of the judgment at a time when her children's visitation with their father would not be disrupted. Instead, she created an inconvenient and frustrating situation for Simon by seeking an emergency order of protection and modification of the judgment at the exact time that his visitation was to begin. The court system would best serve the community if these adolescent tactics were avoided.

For the foregoing reasons, the order of the circuit court of Du Page County is reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

UNVERZAGT and NICKELS, JJ., concur.