LORI GASAWAY, Petitioner-Appellee, v. DANIAL GASAWAY, Respondent-Appellant.

Third District   No. 3—92—0891

Opinion filed July 1, 1993.

Gary L. Morris, of Peoria, for appellant.

Bill Butts Barrister, Ltd., of Galesburg (Bill Butts, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The petitioner, Lori Gasaway, filed a petition for an order of protection against the respondent, Danial Gasaway, in the circuit court of

Knox County. The trial court granted the order of protection. Danial appeals. We affirm as modified.

The record reveals that the parties were married in 1987 and had two children during the course of the marriage. They lived in Hammond, Indiana, until they were separated in December of 1991. At that time, Lori moved with the children to Knoxville, Illinois. The parties were divorced on June 30, 1992, by an order entered in an Indiana State court. The Indiana divorce decree awarded custody of the two minor children to Lori and granted Danial visitation.

Thereafter, Danial apparently had problems with visitation so he filed petitions for modification of visitation and for contempt against Lori in Lake County, Indiana. Lori did not appear, and on October 7, 1992, the Indiana court entered an order granting Danial temporary custody and issued a warrant for Lori's arrest. One week later, Danial drove to Knox County, Illinois, and showed the custody order to an assistant State's Attorney and was eventually told that the Knox County State's Attorney's office would not honor the Indiana order granting Danial custody. From there, Danial went to Lori's home, but Lori would not relinquish custody of the children to Danial. Danial then returned to Hammond, Indiana. On October 15, 1992, Lori filed her petition for an order of protection against Danial.

On October 20, 1992, Danial went to the grade school in Knox County of the parties' minor daughter, Whitney, and took her into his car after she exited the school bus. He then attempted to transport the child back to Indiana, but was stopped by a State trooper near Interstate 80 in Henry County, Illinois, and arrested on charges of child abduction.

The record further indicated that Danial made some threatening remarks to Lori over the phone in early 1992. There was also some evidence that the parties had a dispute over visitation in May 1992. The dispute eventually led to a "high speed chase" in which Lori's brother pursued Danial's truck down the highway while one of the children was a passenger in Danial's vehicle.

On November 5, 1992, the court conducted a hearing on Lori's petition for an order of protection at which it heard all of the above-mentioned evidence. At that hearing, Danial also presented Judge James B. Stewart with a certified copy of the Indiana custody order granting him temporary custody. Judge Stewart specifically asked Danial whether he intended to enforce the Indiana judgment by filing a petition to enroll it, and Danial responded that he did not. Judge Stewart then stated that he would not give effect to the Indiana custody order. He then entered a judgment granting Lori an order of

protection which in relevant part prevented Danial from removing the children from the physical care of Lori or from the jurisdiction.

On appeal, Danial first argues that the trial court erred in not giving effect to Indiana's modified temporary custody judgment even though he refused to enroll that judgment. He contends that section 7 of the Uniform Child Custody Jurisdiction Act (Custody Act) (Ill. Rev. Stat. 1991, ch. 40, par. 2107) prevented the trial court from exercising its jurisdiction in this case.

We disagree. Section 4(a)(1)(i) of the Uniform Child Custody Jurisdiction Act provides that Illinois has jurisdiction to make a child custody determination if Illinois is the child's home State at the time of the commencement of the proceeding. (Ill. Rev. Stat. 1991, ch. 40, par. 2104(a)(1)(i).) Section 7 of the Uniform Child Custody Jurisdiction Act provides that a court of this State shall not exercise its jurisdiction under the Act if at the time of the filing of the petition a proceeding concerning custody of the child was pending in a court of another State exercising jurisdiction substantially in conformity with the Act. (Ill. Rev. Stat. 1991, ch. 40, par. 2107(a).) Section 7 of the Act further provides that if the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another State before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum. Ill. Rev. Stat. 1991, ch. 40, par. 2107(c).

■■ For a plenary order of protection to issue, the petitioner must establish jurisdiction under section 208 of the Illinois Domestic Violence Act of 1986 (Domestic Violence Act) (Ill. Rev. Stat. 1991, ch. 40, par. 2312–8). (*In re Marriage of Los* (1992), 229 Ill. App. 3d 357, 593 N.E.2d 126.) Section 208 of the Domestic Violence Act specifically states that personal jurisdiction is determined by the Uniform Child Custody Jurisdiction Act; thus, the same jurisdictional requirements for a custody modification order or enforcement of a custody order under the Custody Act apply to a proceeding for a plenary order of protection. (*In re Marriage of Los* (1992), 229 Ill. App. 3d 357, 593 N.E.2d 126.) However, the threshold question of whether Illinois has jurisdiction under section 4 of the Custody Act is separate from the question of whether Illinois should decline to exercise that jurisdiction under section 7 of the Custody Act. Under the Domestic Violence Act, the provisions for declining to exercise jurisdiction listed in section 7 of the Custody Act do not apply to the decision of whether jurisdiction is proper for an order of protection. (See Ill. Rev. Stat.

1991, ch. 40, par. 2311—1 *et seq.*) In other words, as long as jurisdiction is established under section 4 of the Custody Act, the trial court may enter an order of protection even though it might have been required to decline to exercise its jurisdiction under section 7 of the Custody Act if it had instead been faced only with a petition to modify an out-of-State custody judgment. This is in accord with the requirement that the Domestic Violence Act be liberally construed to promote the underlying purpose of the Act, which is to support the efforts of victims of domestic violence to avoid further abuse by promptly entering and diligently enforcing court orders which prohibit abuse so that victims are not trapped in abusive situations. (Ill. Rev. Stat. 1991, ch. 40, par. 2311—2(4).) Accordingly, we find that Danial's reliance on section 7 is misplaced.

■ Here, Danial in essence sought to enforce an out-of-State custody judgment. The proper procedures to follow in enforcing an out-of-State custody judgment are found in section 511(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1991, ch. 40, par. 511(c); see also *Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785; *Thomas v. Thomas* (1974), 23 Ill. App. 3d 936, 321 N.E.2d 159), and section 16 of the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1991, ch. 40, par. 2116; see also *In re Marriage of Mauro* (1989), 187 Ill. App. 3d 794, 543 N.E.2d 856). Section 511(c) of the Illinois Marriage and Dissolution of Marriage Act provides that in any post-judgment proceeding to enforce or modify the judgment of another State, the moving party shall commence the proceeding by filing a petition to enroll that judgment, attaching a copy thereof as a part of the petition. (Ill. Rev. Stat. 1991, ch. 40, par. 511(c).) Furthermore, a party seeking to enforce a custody judgment rendered by a sister State which meets the jurisdictional requirements of section 14 of the Custody Act must file a certified copy of the judgment with any clerk of an Illinois circuit court in order for it to have the same effect and be enforceable as a custody judgment rendered by an Illinois court. *In re Marriage of Mauro* (1989), 187 Ill. App. 3d 794, 543 N.E.2d 856.

In *In re Marriage of Mauro* (1989), 187 Ill. App. 3d 794, 543 N.E.2d 856, a father seeking to enforce an out-of-State custody modification appeared before an Illinois circuit court and presented a motion to enroll and enforce the out-of-State order pursuant to section 16 of the Act and to require the court to turn over custody to him. The *Mauro* court held that a certified copy of a custody judgment tendered by a sister State which meets the requirements of section 14 and has been filed with any clerk of an Illinois circuit court has the

same effect and is enforceable as a custody judgment rendered by an Illinois court.

In the case at bar, Danial simply refused to follow the appropriate statutory procedures for enforcing an out-of-State custody judgment. Accordingly, we find that the trial court properly refused to consider his claim to temporary custody.

As an additional matter, we note that Danial is free to follow the Illinois statutory scheme for enforcement of the Indiana order and that he would then be entitled to enforcement of that order. However, we further note that the order in question is one of temporary custody. Accordingly, a final custody determination would have to be made in the case. At that point, Indiana would still have jurisdiction over custody matters in the case. (See Ill. Rev. Stat. 1991, ch. 40, par. 2104(b).) However, jurisdiction would also be proper in Illinois if Indiana conceded jurisdiction under section 7 of the Custody Act. Section 7 requires that an Illinois court, upon being informed that a proceeding concerning custody of a child was pending in another State, shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum. (Ill. Rev. Stat. 1991, ch. 40, par. 2107(c).) At that point, the most appropriate forum under the Custody Act would almost certainly be Illinois, since that would be the children's home State, they would have resided there since December of 1991, much of the evidence of the children's present and future care would be in Illinois, and the children would have a closer connection with Illinois. Thus, Illinois would most likely make the final custody determination in the case.

Danial next argues that the full faith and credit clause of the United States Constitution requires the trial court to recognize the Indiana order.

■ We find that Danial's argument is without merit since it ignores the fact that Illinois readily gives full faith and credit to out-of-State custody orders when the previously mentioned statutory procedures are followed.

Danial next argues that the trial court erred in entering a protective order. He contends that his conduct did not warrant the imposition of a protective order.

■ Section 203 of the Domestic Violence Act of 1986 provides in relevant part that a petition for an order of protection shall allege that the petitioner has been abused by a former spouse. (Ill. Rev. Stat. 1991, ch. 40, par. 2312—3(a).) Under the Act, "abuse" includes "harassment," which means knowing conduct which is not necessary

to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to the petitioner. (Ill. Rev. Stat. 1991, ch. 40, pars. 2311—3(1), (6).) A rebuttable presumption of emotional distress occurs when a respondent repeatedly threatens to improperly remove a child of the petitioner from the jurisdiction, improperly conceals that child from the petitioner, or makes a single such threat following an actual or attempted improper removal or concealment. (Ill. Rev. Stat. 1991, ch. 40, par. 2311—3(6)(v).) Moreover, section 214(b)(6) of the Domestic Violence Act allows the trial court to prohibit the respondent from removing a minor child from the State or concealing the child within the State. Ill. Rev. Stat. 1991, ch. 40, par. 2312—14(b)(6).

Here, it was undisputed that Danial attempted to remove the child from the State of Illinois and take custody of the child. We find that this was an improper attempt to remove the child from Lori. Danial claimed that he had a valid Indiana custody judgment. Again, we note that it was incumbent upon Danial to follow the applicable statutory requirements to enforce an out-of-State judgment. We hold that Danial's actions constituted an improper removal or concealment of a child within the meaning of the Domestic Violence Act where he attempted to remove the child without either Lori's permission or without an Illinois court order allowing him to do so.

Lastly, Danial argues that the trial court erred in imposing an order of protection without a termination date.

Initially, we note that there is no statutory provision requiring a trial court to state a termination date. However, section 220(b) of the Domestic Violence Act (Ill. Rev. Stat. 1991, ch. 40, par. 2312—20(b)) provides that a plenary order of protection shall be valid for a fixed period of time, not to exceed two years. Thus, the instant order of protection would automatically expire two years from the date it was entered. Nonetheless, we find that under the circumstances presented here, where the children are not able to enjoy visitation with their father, the court should have set some limit on the duration of the order of protection. Accordingly, we hereby order that the trial court's order of protection shall expire 90 days from the date the mandate is issued in this case.

For the foregoing reasons, the judgment of the circuit court of Knox County is affirmed as modified.

Affirmed as modified.

McCUSKEY, P.J., and STOUDER, J., concur.