*In re* MARRIAGE OF MICHELLE ELBLKASY, Petitioner-Appellant, and ELSAYED ELBLKASY, Respondent-Appellee.

Third District   No. 3—92—0520

Opinion filed March 5, 1993.

Susan Bursztynsky, of Prairie State Legal Services, of Ottawa, and Bernard Shapiro, of Prairie State Legal Services, of Rockford, for appellant.

No brief filed for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The petitioner, Michelle Elblkasy, appeals from an order of the trial court declining to exercise jurisdiction over the petitioner's child custody petition. The issue presented on appeal is whether the trial court's decision to decline jurisdiction on the basis of *forum non conveniens* was an abuse of discretion. We affirm the trial court's decision.

We initially note that the respondent, Elsayed Elblkasy, has not appeared, or been represented by counsel, at any stage of the Illinois proceedings. Additionally, he has not submitted an appellee's brief. However, since the record is simple and the disputed error can be easily decided without an appellee's brief, we shall decide the merits of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that the parties were married on February 13, 1990, in Kingsland, Georgia. Thereafter, they moved to the State of New York, where their child was born on November 27, 1991. On December 27, 1991, the petitioner took the child and moved to Illinois. The petitioner had been raised in Illinois and her family still resided there.

On January 6, 1992, the respondent filed a petition in a New York State court seeking custody of the child. This petition was dismissed on April 2, 1992, because the respondent failed to properly serve the

petitioner with notice. On the same day, the respondent filed a new petition for custody.

On March 25, 1992, the petitioner filed a petition for dissolution of marriage with the trial court of La Salle County, Illinois. The petitioner also requested that she be awarded custody of the child. A hearing on that petition scheduled for June 1, 1992, was continued to July 2, 1992, because the respondent was neither present nor represented by counsel.

On June 10, 1992, Illinois Judge Cynthia Raccuglia spoke with New York Judge Virginia Yancey regarding which court should retain jurisdiction of the custody matter. They determined that New York was the appropriate forum to hear the case. On June 25, 1992, a hearing was held before Judge Yancey in New York to address Michelle's motion to dismiss Elsayed's custody petition. The record shows that Michelle was represented by counsel at that hearing and that the motion was denied.

On July 2, 1992, a hearing on the petitioner's motion for dissolution of marriage was held in Illinois. Although the court granted the divorce, it declined to address the child custody matter and deferred to the jurisdiction of the New York court. The court found New York to be the more convenient forum since both sides were represented in that court, and the New York court had already received evidence from both sides regarding the forum issue.

Other evidence in the record shows that the petitioner was less than candid with the Illinois court. For example, she requested an order of protection claiming that her husband was abusive, and that he was 6 feet 2 inches tall and weighed 250 pounds. However, the evidence showed that he was only 5 feet 4 inches tall and weighed 140 pounds.

The issue on appeal involves an application of the inconvenient forum provisions of the Uniform Child Custody Jurisdiction Act (Act) (Ill. Rev. Stat. 1991, ch. 40, par. 2101 *et seq.*). The Illinois court found that it retained subject matter jurisdiction in this matter pursuant to section 4(b) of the Act. (Ill. Rev. Stat. 1991, ch. 40, par. 2104(b).) Section 8 of the Act, however, allows a court to decline to exercise jurisdiction "if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum." Ill. Rev. Stat. 1991, ch. 40, par. 2108(a).

Section 8 provides a list of factors the trial court should consider when determining whether a more convenient forum exists:

"1. if another state is or recently was the child's home state;

2. if another state has a closer connection with the child and his family or with the child and one or more of the contestants;

3. if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state; [and]

\* \* \*

5. if the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in Section 2 of this Act.

(d) Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the most appropriate court and that a forum will be available to the parties." Ill. Rev. Stat. 1991, ch. 40, pars. 2108(c), (d).

As the application of these criteria requires exercise of the trial court's discretion, a decision declining jurisdiction in favor of another court will be affirmed absent an abuse of that discretion. (*In re Marriage of Doehner* (1991), 215 Ill. App. 3d 570, 574 N.E.2d 1380.) The primary objective of the trial court is to determine which court can most capably act in the best interests of the child. (*In re Marriage of Doehner* (1991), 215 Ill. App. 3d 570, 574 N.E.2d 1380; *In re Marriage of Pavelcik* (1985), 138 Ill. App. 3d 1060, 487 N.E.2d 33.) Applying the above-mentioned principles, we find that while the instant case is a close one, the trial court did not abuse its discretion.

Applying the first statutory factor, we find that New York was recently the child's home State. The child lived there from November 27, 1991, to December 27, 1991. The child lived in Illinois for less than two weeks when the original custody petition was filed in New York on January 6, 1992.

Regarding the second factor, we note that the respondent lives in New York and the petitioner lives in Illinois. Thus, this factor does not weigh heavily in favor of either State.

Application of the third factor tends to weigh slightly in favor of Illinois. Since the petitioner's family lives in this State, the child has personal ties here to her grandparents and extended family. However, this factor is not strongly compelling since the child might also have extended family ties in New York.

Regarding the fifth factor, which requires us to consider the purposes of the Uniform Child Custody Jurisdiction Act, we note that declining to exercise jurisdiction over this case did not contravene any

of the purposes enumerated in section 2 of the Act (see Ill. Rev. Stat. 1991, ch. 40, par. 2102(a)). Specifically, it helped promote two of the factors set forth in section 2. (See Ill. Rev. Stat. 1991, ch. 40, pars. 2102(a)(2), (a)(6).) Here, the two judges discussed the case before a decision on the most convenient forum was issued by either court. This clearly promoted cooperation between the courts of the two States. In addition, that communication helped avoid relitigation of similar issues.

Finally, we note that the trial court was properly concerned with the fact that it was only being presented with one side of the custody issue, whereas the New York court had already been presented with both sides of the issue. This fact is especially significant since the record shows that the petitioner was less than candid with the Illinois court.

As such, based upon our review of the Act and the evidence, we find that the trial court's decision was not against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

McCUSKEY, P.J., and LYTTON, J., concur.