MELISSA CARLSTEN, Plaintiff-Appellant, v. JOHN ROBERTSON, Defendant-Appellee.

Third District   No. 4—97—0810

Opinion filed March 30, 1998.

Dean E. Poignant, of Peoria, for appellant.

Marcia F. Straub, of Peoria, for appellee.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, Melissa Carlsten, appeals from the trial court's order granting the motion of the respondent, John Robertson, to dismiss her child custody petition for lack of jurisdiction. After a careful review of the record, we find that Illinois does not have jurisdiction over this matter and therefore affirm.

## FACTS

The parties were divorced in Virginia on July 10, 1990. The Virginia judgment of dissolution awarded physical custody of the two minor children, Spencer and Jessica, to Melissa. From 1990 until 1995, the children lived in Illinois with Melissa. However, in September 1995, Jessica moved back to Virginia to live with John. At that time, the parties agreed to amend the judgment of dissolution and give John custody of Jessica. In June 1996, Spencer also moved back to Virginia to live with John. On August 16, 1996, the State of Virginia awarded legal custody of Spencer to John.

The children traveled to Illinois on June 22, 1997. According to Melissa, the children moved back to Illinois on this date. However, according to John, the children were only visiting their mother.

On July 21, 1997, Melissa filed a petition for emergency relief in Illinois requesting that the circuit court assume jurisdiction over this matter and grant her temporary and permanent custody of the children. In her petition, she claimed that Illinois should assert jurisdiction because: (1) she never received notice of the Virginia court order awarding John custody of Spencer; (2) substantial evidence concerning the children's present and future care, protection, training and personal relationships was in Illinois; (3) no other state had jurisdiction over the children; and (4) John recently relocated to North Carolina, and the children had no contacts with that state.

On July 31, 1997, John filed a special and limited appearance and requested that the court dismiss Melissa's emergency petition because Illinois lacked jurisdiction. In his motion, John alleged that Virginia was the proper forum to hear any custody disputes. In support of his claim, he alleged: (1) several court orders regarding the care, custody, and control of the children had been entered in Virginia; (2) following the original judgment of dissolution, he was awarded custody of the children by a Virginia court; (3) Jessica resided outside of Illinois since September 1995; and (4) Spencer resided outside of Illinois since June 1996.

In a written order, the trial court dismissed Melissa's petition for lack of jurisdiction.

## ANALYSIS

On appeal, Melissa argues that the trial court abused its discretion in granting John's motion to dismiss. Specifically, she contends that Illinois should assert jurisdiction over this matter because: (1) it is in the best interests of the children; and (2) no other state has jurisdiction.

■ Section 4(a) of the Uniform Child Custody Jurisdiction Act

(Act) sets forth the circumstances under which Illinois courts have jurisdiction to make a child custody determination. 750 ILCS 35/4 (West 1996). These circumstances are as follows: (1) Illinois is the home state of the children; (2) it is in the children's best interests to assert jurisdiction because the children and at least one parent have a significant connection with the state, and there is substantial evidence in Illinois concerning the children's present or future care, protection, training and personal relationships; (3) an emergency arises while the child is present in Illinois; or (4) no other state has jurisdiction or another state has declined to exercise jurisdiction on the basis that Illinois is a more appropriate forum. 750 ILCS 35/4(a) (West 1996).

■ Here, in the instant case, Melissa argues that Illinois has jurisdiction under the "best interests" prong of the Act. However, a careful review of the record indicates that the trial court could not have asserted jurisdiction on this basis. Although the children have connections with both Illinois and Virginia, they have more significant connections in Virginia. All prior court proceedings in this matter occurred in Virginia. Significantly, the parties' judgment of dissolution was recently modified in Virginia, awarding custody of both children to John. Illinois courts are required to give that modification order full faith and credit. 750 ILCS 35/14 (West 1996). Therefore, the best interests of the children indicate that Virginia is the proper forum to contest the modification of custody order.

Next, Melissa argues that Illinois should assert jurisdiction under the fourth prong of section 4(a) of the Act. Specifically, she argues that since John moved to North Carolina, no other state has jurisdiction over this matter. Again, we disagree. There is no indication in the record that Virginia has declined to assert jurisdiction. As noted previously, a Virginia court modified the custody order as recently as 1996. Moreover, the fact that John may have moved from Virginia does not affect its jurisdiction over this matter. A court, once having obtained jurisdiction over a child, retains that jurisdiction unless it concedes jurisdiction to another state. See *Richardson v. Richardson*, 255 Ill. App. 3d 1099, 1105, 625 N.E.2d 1122, 1126 (1993).

For the reasons stated, we find that the trial court did not abuse its discretion in granting John's motion to dismiss for lack of jurisdiction. Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER and BRESLIN, JJ., concur.