*In re* MARRIAGE OF DARINI S. ARULPRAGASAM, Petitioner-Appellant, and CRAIG S. EISELE, Respondent-Appellee.

Fourth District    No. 4—98—0231

Opinion filed April 9, 1999.

Blake Weaver, of Novak, Weaver & Solberg, of Urbana, for appellant.

Craig S. Eisele, of Boston, Massachusetts, appellee *pro se*.

JUSTICE GARMAN delivered the opinion of the court:

Petitioner mother, Darini S. Arulpragasam, appeals from the February 23, 1998, order of the circuit court of Champaign County, arguing that the circuit court abused its discretion by dismissing her petition for modification of custody. We reverse and remand.

## I. BACKGROUND

The mother and respondent father, Craig S. Eisele, are the parents

of two daughters, ages seven and nine at the time of this appeal. The parties' marriage was dissolved by order of a court of the Commonwealth of Massachusetts in 1993. In April 1993, the parties were awarded joint custody of the girls, pursuant to their agreement, and the mother was given physical custody. Their dissolution agreement also contains a provision requiring the mother to obtain "permission" of the Berkshire County, Massachusetts, court prior to removing the children from the State of Massachusetts. Massachusetts law does not mandate that a custodial parent seek such permission before removing children from the state, except in certain circumstances that do not apply to these children. See Mass. Ann. Laws ch. 208, § 30 (Law. Co-op. 1994).

In May 1994, the father filed a petition in the Massachusetts court seeking sole custody of the girls and, in August 1994, the mother filed a petition seeking permission to remove the girls to Champaign, Illinois, where she had obtained employment. Without resolving either pending motion, the court granted her permission to temporarily remove the children to Illinois. The mother and daughters moved to Champaign, Illinois, in late 1994 and continue to reside there.

After granting several continuances on the father's motions, the Massachusetts court dismissed both petitions on May 24, 1996. With regard to the petition for removal, the court found that it did not have jurisdiction to hear the matter. The Massachusetts statute governing removal applies only when the child who is the subject of the petition was either born in Massachusetts or has resided in that state for five years. See Mass. Ann. Laws ch. 208, § 30 (Law. Co-op. 1994). Neither provision applied in this case. Thus, the court concluded, it was without authority to enter a permanent order either allowing or denying the mother's request for permission to remove the girls to Illinois, the "permission" provision in the parties' dissolution order notwithstanding.

With regard to the May 1994 petition for modification of custody, the court found that it could exercise jurisdiction because Massachusetts was the home state of the children (see Mass. Ann. Laws ch. 209B, § 1 (Law. Co-op. 1994)) at the time the petition was filed. However, the Massachusetts court exercised its option under Massachusetts law to decline jurisdiction upon finding that its assumption of jurisdiction would constitute an inconvenient forum and that the court of another state would provide a more convenient forum. See Mass. Ann. Laws ch. 209B, § 7(a)(iii) (Law. Co-op. 1994). The Massachusetts court held that because the mother and children were, by then, Illinois residents, and because the father no longer lived in Massachusetts, it should decline jurisdiction in favor of an Illinois forum.

The Massachusetts court also noted that the father lived in Connecticut at the time the dissolution order was entered in 1992, lived in Pennsylvania when the petitions were dismissed in May 1996, and had resided in Massachusetts with the children for only a few months.

On June 12, 1996, after the matter had been dismissed by the Massachusetts court, the mother filed a petition for modification of custody in the circuit court of Champaign County, Illinois. On August 6, 1996, she filed a petition to enroll the Massachusetts judgment.

The father filed a timely motion to reconsider the May 24, 1996, dismissal of his custody petition. That motion was denied by the Massachusetts court on July 9, 1996. The father did not appeal the July 1996 denial of his motion to reconsider the Massachusetts court's ruling. He did, however, file multiple complaints in the Massachusetts state court that were returned to him in November 1996 because he failed to comply with local rules of practice. The father has also filed lawsuits in the federal courts of Massachusetts, Pennsylvania, and Illinois, naming as defendants the mother, her employer, her attorneys, judges, and others. The father continued to file petitions and motions in the Massachusetts court throughout the pendency of the proceedings in Illinois. He also filed several petitions in the Illinois action, including a petition to set visitation. After a hearing on this petition, the Illinois court issued a temporary order permitting the mother, over the father's objections, to travel to Canada with the children for a vacation. The father subsequently filed a motion for dismissal in the Illinois court, pursuant to the Illinois version of the Uniform Child Custody Jurisdiction Act (Illinois Act) (750 ILCS 35/1 *et seq.* (West 1996) (enacting the Uniform Child Custody Jurisdiction Act (Uniform Act) (Uniform Child Custody Jurisdiction Act, 9 U.L.A. 115 (1988)))), section 8 of which permits dismissal on the basis of an inconvenient forum (750 ILCS 35/8 (West 1996)).

On October 20, 1997, the circuit court of Champaign County granted the father's petition to dismiss, stating that Illinois is not a proper forum for the resolution of the disputes between these parties and, further:

"The exercise of jurisdiction by this Court over these disputes is antithetical to the purpose and provisions of the [Uniform Act] and violative of [the father's] [d]ue [p]rocess rights."

The mother's motion to reconsider was denied after a hearing on February 23, 1998. The circuit court opined that the home state of the children, for purposes of the Uniform Act (Uniform Child Custody Jurisdiction Act § 2(5), 9 U.L.A. 133 (1988)), is the home state of the

children at the time a custody proceeding is commenced. "Otherwise," the court stated:

"[T]here is every incentive to drag out the proceeding, relocate with the children and[,] if you can stay in somewhere other than the jurisdiction in which the case is initially filed for some period of time, divest that jurisdiction of the ability to hear the case."

The circuit court also explained its reasoning that the children were in Illinois under an interim order of the Massachusetts court and, although Massachusetts law did not require the mother to seek leave to remove the children, the parties' settlement agreement did require her to seek such permission. The circuit court concluded that the father's due process rights were violated by the Massachusetts court's:

"granting the [mother's] request to remove based on the temporary order[,] which it then bootstrapped into a permanent order[,] and now because the children have lived in Illinois under the temporary order[,] which was now a permanent order, jurisdiction had been ceded to the State of Illinois."

The circuit court further stated that it is "prohibited from granting full faith and credit to an order that's been entered in another state *** in violation of *** due process rights":

"Massachusetts still has jurisdiction of this case on a continuing jurisdiction basis. If they [sic] want to conclude their [sic] hearing and determine that it's all right for these children to be removed to the State of Illinois and then cede jurisdiction to Illinois, I believe that to be a proper exercise of the way things are supposed to operate under the [Uniform Act]."

The mother argues on appeal that (1) Massachusetts properly declined jurisdiction and, in any event, the father failed to appeal the ruling of the Massachusetts court; (2) jurisdiction in Illinois is not barred by virtue of simultaneous proceedings in another state (750 ILCS 35/7 (West 1996)); (3) jurisdiction in Illinois is proper under section 4 of the Illinois Act (750 ILCS 35/4 (West 1996)); and (4) the purposes of the Uniform Act would be best served by Illinois assuming jurisdiction in this matter (750 ILCS 35/2 (West 1996)). Thus, the mother concludes, the circuit court abused its discretion by declining to accept jurisdiction.

The father's *pro se* brief does not cite the Uniform Act, any statute of Illinois or Massachusetts, or any case law of either state. He argues that the circuit court did not abuse its discretion and, alternatively, that because the mother continues to submit to the jurisdiction of the Massachusetts court by participating in proceedings there regarding visitation and other issues related to child custody, this appeal should be dismissed.

## II. ANALYSIS

■ Both Illinois (750 ILCS 35/1 *et seq.* (West 1996)) and Massachusetts (Mass. Ann. Laws ch. 209B, §§ 1 through 14 (Law. Co-op. 1994) (Massachusetts Act)) have enacted versions of the Uniform Act. Under the Uniform Act, it is possible for several states to have jurisdiction. "[T]he first such [s]tate to exercise jurisdiction has the exclusive right to proceed." *In re Marriage of Schoeffel*, 268 Ill. App. 3d 839, 843, 644 N.E.2d 827, 830 (1994). The first step in a case arising under the Illinois Act is for the circuit court to determine whether jurisdiction is possible under one of four bases (750 ILCS 35/4(a) (West 1996)); only after this has been done will the circuit court decide whether the court of another state is a more appropriate forum (750 ILCS 35/7 (West 1996)). *Schoeffel*, 268 Ill. App. 3d at 843, 644 N.E.2d at 830. Massachusetts employs this same two-step analysis. *Umina v. Malbica*, 27 Mass. App. Ct. 351, 355, 538 N.E.2d 53, 56 (1989).

### A. Jurisdiction in Massachusetts

Massachusetts obtained jurisdiction over the Eisele children when it entered the initial custody order as part of the dissolution judgment entered in April 1993, incorporating the parties' agreement. See Mass. Ann. Laws ch. 208, § 31 (Law. Co-op. 1994).

When the father filed his modification petition in May 1994, the children still resided in Massachusetts with their mother, though the father had moved from that state. The Massachusetts court had "home state" jurisdiction at that time. See Mass. Ann. Laws ch. 209B, §§ 1, 2(a)(1)(ii) (Law. Co-op. 1994).

■ The mother argues that the Massachusetts court properly declined to exercise its jurisdiction over the father's petition to modify custody pursuant to section 7(a) of the Uniform Act:

"A court which has jurisdiction under this Act to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum." Uniform Child Custody Jurisdiction Act § 7(a), 9 U.L.A. 233 (1988).

In addition, at the time the later action was filed in Illinois, none of the parties to the action remained in Massachusetts. In any event, the mother argues, the father failed to appeal the Massachusetts judgments of dismissal to the higher courts of that state and may not now argue to an Illinois court that the court of another state erred. See, *e.g., In re Marriage of Mauro*, 187 Ill. App. 3d 794, 797, 543 N.E.2d 856, 858 (1989).

■ The issue of due process was not raised by the father, but by

the Illinois circuit court, which was concerned that the Massachusetts court ignored the parties' agreement, incorporated into the judgment of dissolution, that the mother would obtain permission of the court before removing the children from the state. Although we do not have the complete record of the Massachusetts proceedings before us, it does not appear that the two-year delay between the mother's filing of the removal petition and its dismissal was attributable to her. Even if we agree that the father may have been deprived of due process when the Massachusetts court dismissed the removal petition, his remedy was to appeal that ruling in the courts of Massachusetts.

■ We also reject the father's assertion that jurisdiction over the children is proper only in Massachusetts because the mother continues to submit to the jurisdiction of Massachusetts courts by participating in proceedings there. First, the record does not support the father's statement that litigation of any kind involving the mother and the father is pending in Massachusetts. Second, even if the mother has submitted to the personal jurisdiction of Massachusetts courts, the term "jurisdiction" in the Uniform Act and in the Massachusetts and Illinois enactments is not used to describe either personal or subject-matter jurisdiction but, rather, a statutory limit on the court's existing jurisdiction in custody matters. See *In re Marriage of Alexander*, 252 Ill. App. 3d 70, 72, 623 N.E.2d 921, 923 (1993).

## B. Custody Proceedings in More Than One State

■ The mother also argues that jurisdiction in Illinois is not barred by section 7 of the Illinois Act, which bars a court of this state from exercising its jurisdiction over a custody proceeding if, at the time of the filing of the petition, a proceeding concerning the custody of the child is pending in the court of another state. 750 ILCS 35/7 (West 1996).

At the time the mother filed her petition for modification of custody in Illinois, no custody proceedings were then pending in the courts of Massachusetts. The father's motion for reconsideration of the Massachusetts ruling was filed and denied after the mother filed her petition in Illinois. Had that motion been granted, section 7 of the Illinois Act would be implicated. However, because that motion was denied, the mother is correct that section 7 does not prevent Illinois from exercising jurisdiction in this case.

## C. Jurisdiction in Illinois

■ There are four bases upon which a circuit court may assume jurisdiction of a child custody determination under the Illinois Act: (1) the "home state" provision (750 ILCS 35/4(a)(1) (West 1996)), (2) the "significant connection" test (750 ILCS 35/4(a)(2) (West 1996)), (3) an

emergency provision (750 ILCS 35/4(a)(3) (West 1996)), and (4) residual bases (750 ILCS 35/4(a)(4) (West 1996)). The mother asserts that jurisdiction in Illinois is proper on three of these four bases.

■ The circuit court has jurisdiction to modify a child custody determination if Illinois is the home state of the child at the time the proceeding is commenced. 750 ILCS 35/4(a)(1)(i) (West 1996). The Illinois Act defines "home state" as:

> "[T]he state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as a parent, for at least 6 consecutive months, ***, however, periods of temporary absence of any of the named persons are counted as part of the 6-month *** period." 750 ILCS 35/3.04 (West 1996).

■ The mother argues that the children lived in Illinois with her for two years prior to her filing a petition for modification of custody in this state. The circuit court, however, found that Illinois is not the home state of the Eisele children, notwithstanding their presence here since 1994, because they were permitted to be here only under a temporary order of the court of another state.

In *Richardson v. Richardson*, 255 Ill. App. 3d 1099, 1102, 625 N.E.2d 1122, 1124 (1993), the court held that the "home state" test requires an examination of not only the child's physical presence in the state, but the circumstances under which the child came to and remained in the state. Thus, a child who came to stay with her mother in Illinois for 11 months pursuant to an agreement between the parents was in this state only temporarily. Because her absence from California (even though her father had since moved to Arizona) was temporary for the purpose of calculating time under the Illinois Act, "the clock never began to run in Illinois." *Richardson*, 255 Ill. App. 3d at 1103, 625 N.E.2d at 1125.

The mother distinguishes *Richardson*, arguing that, in this case, the move to Illinois was not made with the understanding that the children would return to Massachusetts. In any event, she asserts, the Massachusetts order permitting temporary removal became a final determination, albeit not on the merits, when the petition for removal was dismissed and the father did not appeal.

The circuit court rejected the mother's distinction and strictly applied the reasoning of Richardson. This court, however, has expressly rejected *Richardson* and adopted the reasoning of the special concurrence in that case. See *Schoeffel*, 268 Ill. App. 3d at 843, 644 N.E.2d at 830. We have held that the "temporary absence" provision is designed merely to prevent lapses in the six-month period caused by brief interstate visits by the child. *Schoeffel*, 268 Ill. App. 3d at 843, 644 N.E.2d at 830. The "home state" test is, thus, a simple one: "where has the child lived with a person acting as a parent for the last six months?" *Schoeffel*, 268 Ill. App. 3d at 843, 644 N.E.2d at 830.

We hold that Illinois was the home state of the Eisele children at the time the mother's petition for modification of custody was filed and that the circuit court had jurisdiction on that basis.

■ Jurisdiction is also proper in Illinois if assumption of jurisdiction would be in the best interest of the children because they and at least one contestant have a significant connection with this state (750 ILCS 35/4(a)(2)(i) (West 1996)) and "there is available in this [s]tate substantial evidence concerning the child's present or future care, protection, training, and personal relationships." 750 ILCS 35/4(a)(2)(ii) (West 1996); see also R. Cook, *Jurisdiction in Dissolution of Marriage Cases*, 77 Ill. B.J. 266, 269 & n.49 (1989).

The mother cites *Siegel. v. Siegel*, 84 Ill. 2d 212, 228, 417 N.E.2d 1312, 1319 (1981), to argue that the best interests of the children will be served by the assumption of jurisdiction in Illinois, the forum "where the facts necessary to a determination of the children's best interests are most readily accessible." We note that in *Siegel* the court commented that the language defining "jurisdiction" under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 601) was virtually identical to section 3 of the Uniform Act (9 U.L.A. 122-23 (1979)), which was adopted in this state in 1979. *Siegel*, 84 Ill. 2d at 221-22, 225, 417 N.E.2d at 1316, 1318.

This court more recently addressed the issue of significant connection in *Alexander*, where we stated that "[h]istorical connections unrelated to the present life of the children do not amount to a 'significant connection.' " *Alexander*, 252 Ill. App. 3d at 74, 623 N.E.2d at 924. Further, the term "substantial evidence" in the Illinois Act is intended to require a high degree of connection and access to evidence. *Alexander*, 252 Ill. App. 3d at 74, 623 N.E.2d at 924.

The father has no connection to Illinois. The mother is employed in Illinois and is a resident of this state. The Eisele children have been attending school in Illinois since 1994. Their teachers, physicians, dentists, and the speech therapist who works with one child are here. The children's connection to Massachusetts is purely historical. They were not born there, have no family there, and never attended school there. They merely lived there for a time. The children have no connection at all to the state where their father currently resides.

The children and their mother have a significant connection to Illinois. Indeed, Illinois is the only state to which it can be said these children are significantly connected. Jurisdiction in Illinois is thus proper on this basis. The circuit court made no comment or finding addressing this issue. We agree with the mother that the failure of the circuit court to find jurisdiction on this basis was an abuse of discretion.

The mother also claims jurisdiction in Illinois is proper because

"another state has declined to exercise jurisdiction on the ground that this [s]tate is the more appropriate forum" (750 ILCS 35/4(a)(4)(i) (West 1996)). Because we have determined that the "home state" and "significant connection" bases apply, we need not consider this argument. However, the mother is correct that she is left without a forum if the dismissal of her petition is affirmed. Massachusetts declined jurisdiction over two years ago and is not likely to now conclude, if the mother should file her action there, that it is the children's home state or that a significant connection exists between that state and the children or either parent.

We conclude that the circuit court abused its discretion when it did not find, as a threshold matter, that it could properly assume jurisdiction over this matter.

### D. Legislative Purpose of the Illinois Act

██ The stated purposes of the Illinois Act are, *inter alia,* to "avoid jurisdictional competition and conflict" (750 ILCS 35/2(a)(1) (West 1996)); "promote co[ ]operation with the courts of other states to the end that a custody judgment is rendered in that state which can best decide the case in the interest of the child" (750 ILCS 35/2(a)(2) (West 1996)); and "assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection *** and that courts of this [s]tate decline the exercise of jurisdiction when the child and his family have a closer connection with another state" (750 ILCS 35/2(a)(3) (West 1996)). Clearly, these goals would be furthered by the assumption of jurisdiction in Illinois.

The circuit court was concerned, however, that its assumption of jurisdiction would be antithetical to another of the legislative purposes of the Illinois Act: to "deter abductions and other unilateral removals of children undertaken to obtain custody awards" (750 ILCS 35/2(a)(5) (West 1996)). The circuit court reasoned that if it is proper to assume jurisdiction in this case, it would be permissible in future cases for a custodial parent to obtain permission from the court of the home state to temporarily remove a child to another state, remain there for six months or more, and effectively divest the original home state of jurisdiction.

Section 9(a) of the Illinois Act provides:

"If the petitioner for an initial judgment has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances." 750 ILCS 35/9(a) (West 1996).

When a parent's conduct "embodies the type of activity section 9(a) of

the Act was designed to prevent, and even if an Illinois jurisdictional base exist[s], the trial court should *** decline[ ] to proceed further." *Alexander*, 252 Ill. App. 3d at 76, 623 N.E.2d at 925. The circuit court was employing the logic of section 9 and *Alexander* in this case, even though the mother was seeking modification of custody rather than an initial custody ruling.

■ Although the Massachusetts court may have erred by dismissing the mother's petition for removal without a ruling on the merits, the mother did not abduct or unilaterally remove the children from Massachusetts. She complied with the requirement of the dissolution judgment that she seek permission of the court before taking the children to another state. She was not obliged to appeal the court's dismissal of her petition for lack of jurisdiction. She did not engage in forum shopping or other "similar reprehensible conduct" (750 ILCS 35/9(a) (West 1996)).

The circuit court's concerns were, therefore, unfounded. The circuit court abused its discretion by declining to exercise otherwise proper jurisdiction on this basis.

### E. *Forum Non Conveniens* Analysis

■ Section 8(a) of the Illinois Act contains a *forum non conveniens* provision that allows a court, after having determined that it has jurisdiction, to decline to exercise that jurisdiction if it finds, under the circumstances, that it is an inconvenient forum and that a court in another state is a more appropriate forum. 750 ILCS 35/8(a) (West 1996). The father invoked this section of the statute in his motion to dismiss.

The statute lists several factors that the circuit court must consider in making this determination: (1) another state is or was recently the child's home state; (2) another state has a closer connection with the child and his family or with the child and one of the contestants; (3) substantial evidence of the child's present or future care, protection, training, and personal relationships is more readily available elsewhere; (4) the parties have agreed on another, equally appropriate, forum; and (5) the purposes of the Act would be contravened by the exercise of jurisdiction in Illinois. 750 ILCS 35/8(c) (West 1996); see also Uniform Child Custody Jurisdiction Act § 1, 9 U.L.A. 123-24 (1988) (purposes of Uniform Act); 750 ILCS 35/2 (West 1996) (purposes of Illinois Act). As this court has previously noted, these factors are similar to those the circuit court considers in making the threshold determination that it has jurisdiction. *Alexander*, 252 Ill. App. 3d at 76, 623 N.E.2d at 925.

Because the application of these factors requires the exercise of

the circuit court's discretion, a decision declining jurisdiction in favor of another court will not be reversed absent an abuse of that discretion. *In re Marriage of Elblkasy*, 241 Ill. App. 3d 662, 665, 610 N.E.2d 139, 141 (1993).

● In this case, the factors weigh heavily in favor of jurisdiction in the State of Illinois: no other state is, or recently has been, the home state of the Eisele children; no other state has a closer connection than Illinois to the children or their mother; with the exception of the father's testimony, all evidence regarding the children's present circumstances is available in Illinois; and we concluded, above, that the exercise of jurisdiction in this state does not contravene the purposes of the Uniform and Illinois Acts.

We, therefore, hold that the circuit court abused its discretion by declining to exercise jurisdiction on the basis of an inconvenient forum.

## F. Full Faith and Credit

We turn, finally, to the circuit court's ruling that it is "prohibited from granting full faith and credit to an order that's been entered in another state[ ] in violation of[ ] due process rights."

■ Section 14 of the Illinois Act (750 ILCS 35/14 (West 1996)) requires the courts of Illinois to give full faith and credit to the initial or modified custody judgments of sister states that are rendered in substantial accord with the Illinois Act. *Carlsten v. Robertson*, 295 Ill. App. 3d 369, 371, 692 N.E.2d 1343, 1344 (1998). In addition, section 16(a) of the Illinois Act provides that the custody judgment of another state, properly filed in Illinois, "has the same effect and shall be enforced in like manner as a custody judgment rendered by a court of this [s]tate." 750 ILCS 35/16(a) (West 1996).

■ However, it is not the initial Massachusetts custody judgment that the circuit court refused to recognize, but the temporary order permitting the mother to remove the children from Massachusetts to Illinois in 1994. Because the circuit court was not asked to enforce a judgment rendered by the court of a sister state, full faith and credit is not really at issue. The issue with which the circuit court struggled was the fact that the father did not get the benefit of the provision in the dissolution decree that specifically required permission of the Massachusetts court before the children could be removed from that state.

A similar situation existed in *In re Marriage of Pavelcik*, 138 Ill. App. 3d 1060, 1066-67, 487 N.E.2d 33, 37 (1985), where the respondent father argued that the trial court in Illinois expressly retained continuing jurisdiction in the dissolution decree and that he validly

invoked that jurisdiction when he filed his petition to modify in Illinois. The court ruled:

"There is a superficial appeal to this argument; clearly, the trial court did retain jurisdiction by its explicit language in the dissolution decree. That fact, however, has been superseded by the intervening fact that the children and petitioner-mother had absented themselves from Illinois, with the permission of the court, after the dissolution decree was entered. This intervening fact, coupled with the length of the children's stay in Missouri, obviate the language of the dissolution decree, at least to the extent that compliance with that decree would frustrate the objectives of the [Illinois Act]." *Pavelcik*, 138 Ill. App. 3d at 1067, 487 N.E.2d at 37.

The same reasoning applies in the present case.

## III. CONCLUSION

We are mindful of the fact that the circuit court was faced with a voluminous record of out-of-state proceedings and *pro se* filings and with an unusual factual situation and procedural posture. The circuit court carefully considered the arguments raised and conscientiously sought to protect the rights of a party who was geographically distant and unrepresented for most of the duration of the case.

We hold that the circuit court may properly assume jurisdiction of this custody matter and that there is no proper basis on which the circuit court may decline to exercise that jurisdiction. We conclude, therefore, that the circuit court abused its discretion by dismissing the mother's petition for modification of custody. The matter is reversed and remanded for further proceedings.

Reversed and remanded.

COOK and McCULLOUGH, JJ., concur.