2026 IL App (2d) 250481-U
No. 2-25-0481
Order filed March 18, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

*In re* MARRIAGE OF
HEATHER L. BENDL, Petitioner-Appellant,
and JUSTIN D. SERLICK, Respondent-Appellee.

Appeal from the Circuit Court of Lake County.
Honorable Jacquelyn D. Melius, Judge, Presiding.
Nos. 13-D-981, 20-F-422

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices McLaren and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in dismissing petitioner's *pro se* petition, which sought to vacate a parenting order affecting the custody of her children. Almost a year before the petition was filed, the circuit court had relinquished jurisdiction of petitioner's family matter to the state of Florida because, at the time of relinquishment, all relevant parties had permanently resided in Florida for over a year. Thus, the trial court had a reasonable basis to dismiss the petition because Illinois was no longer the home state. Affirmed.

¶ 2    Petitioner, Heather L. Bendl, appeals *pro se* from the circuit court's dismissal with prejudice of her *pro se* petition that sought to vacate a previous order of the court. The court dismissed the petition after finding that it had previously relinquished jurisdiction over the matter

and that neither party nor any of their children had resided in Illinois for years. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The context for this appeal is petitioner's divorce with respondent, Justin D. Serlick, and their subsequent custody proceedings. Petitioner and respondent had four children together: three during the marriage and one after.

¶ 5    At issue is the propriety of the circuit court's dismissal of petitioner's July 17, 2025, *pro se* petition for relief from a void judgment and for declaratory relief (Petition to Void Judgment). The Petition to Void Judgment sought to void the court's April 27, 2022, order (Parenting Order), which had granted respondent custody of three of the parties' children, among other things. We detail the relevant orders and proceedings *infra*.

¶ 6                          A. Petition to Void Judgment

¶ 7    Pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)), the Petition to Void Judgment sought to vacate the Parenting Order. The Parenting Order was entered following respondent's petition to establish parental responsibilities, modify the parties' parenting agreement, and for other relief. In relevant part, the Parenting Order granted respondent sole parental responsibilities of three of the parties' children (the fourth remained with the Department of Children and Family Services (DCFS)), made respondent the three children's custodian, and provided that the three children may continue to reside with him in Florida. The Parenting Order also ordered that petitioner pay respondent $785 in monthly child support.

¶ 8    Petitioner's primary argument in her Petition to Void Judgment was that the circuit court lacked subject matter jurisdiction to enter the Parenting Order. Petitioner argued that Illinois was no longer the home state when the Parenting Order was entered because the children had been

residing in Florida for at least six months at the time of its entry. Accordingly, petitioner sought to vacate the Parenting Order.

¶ 9    Petitioner attached various orders and documents to her Petition to Void Judgment. Of note, petitioner attached her affidavit dated May 8, 2025. Therein, petitioner averred as follows. Respondent moved to Florida in July 2020 while she remained in Illinois. In October 2020, DCFS took custody of the parties' four children in Illinois, where they remained in foster care until August 2021. Respondent was awarded temporary guardianship of three of the children in August 2021, and those children were removed to Florida. One child remained in foster care in Illinois.

¶ 10    Petitioner's affidavit continued that, in December 2021, she moved to Florida, and she attested that, since that time, she had permanently and continuously resided in Volusia County, Florida.[1] The court ordered that respondent have custody and guardianship of the parties' fourth child on June 27, 2023.

¶ 11    Petitioner also attached a February 28, 2022, order, in which the circuit court granted petitioner leave to file a motion to transfer the family matter to Florida.

¶ 12                              B. Order Relinquishing Jurisdiction

¶ 13    Prior to petitioner filing her Petition to Void Judgment, the circuit court entered an order on September 3, 2024, relinquishing jurisdiction to hear the family case (No. 20-F-422 (Cir. Ct. Lake County)) in which the challenged Parenting Order was entered. The September 3, 2024, order was entered following a conference regarding the Uniform Child-Custody Jurisdiction and

_____

[1]Per petitioner's statement of facts, she became a Florida resident on December 6, 2021, and "severed any meaningful connection with the State of Illinois on February 8, 2022," when she obtained a Florida driver's license.

Enforcement Act (UCCJEA) (750 ILCS 36/101 *et seq.* (West 2024)). In relevant part, the court's order provided as follows:

> "This matter coming to be heard for UCCJEA Conference with Judge Warren in Volusia County, Florida, *** Rick Brown representing [petitioner], both appearing by Zoom, and Serena Baldacchino representing [respondent], both appearing by Zoom, *** IT IS HEREBY ORDERED: *** The State of Illinois relinquishes jurisdiction to hear the case(s), as it is not the home state."

The order also noted that the parties had had no further court activity in Illinois since April 27, 2022.

¶ 14                                    C. Dismissal of the Petition to Void Judgment

¶ 15    On August 22, 2025, respondent moved pursuant to sections 615(a) and 619 of the Code (735 ILCS 5/2-615(a), 2-619 (West 2024)) to strike and dismiss the Petition to Void Judgment. In relevant part, respondent's motion argued that petitioner admitted that she, respondent, and their children all resided in Florida, and that she had failed to allege any facts or circumstances that established Illinois as the home state. Respondent contended that under the UCCJEA, the circuit court had no jurisdiction to determine whether the Parenting Order was void. Respondent continued that petitioner admitted that she was currently pursuing the same matter in Florida.

¶ 16    Petitioner responded on August 28, 2025, reiterating many of her arguments from her Petition to Void Judgment and asking that the court strike or deny respondent's motion to dismiss.

¶ 17    The circuit court held a scheduling hearing on September 2, 2025,[2] to set a date to hear respondent's motion to dismiss the Petition to Void Judgment. The court entered two orders that day: one filed at 2:07 p.m. that stated the parties "are required to appear and may attend via Zoom,"

---

[2]The record on appeal lacks a report of proceedings for the September 2, 2025, hearing.

and a second filed at 3:12 p.m. that ordered petitioner to appear for the October 8, 2025, hearing. The second order further stated that petitioner's "Zoom privileges are being further reviewed, but have been revoked for purposes of any and all hearings." On October 1, 2025, petitioner filed a petition to vacate the order requiring her in-person appearance at the October 8 hearing.

¶ 18    Following the hearing on October 8, 2025, the circuit court dismissed the Petition to Void Judgment. The court's October 8, 2025, written order provided the following. Counsel for respondent appeared in-person, but petitioner, proceeding *pro se*, appeared via Zoom.

¶ 19    When the court saw petitioner on Zoom, it repeatedly asked her if she would like a new hearing date so she could appear in-person as required, and it advised her that it could continue the hearing to a more convenient date. "Petitioner responded that she sees this Court as an abuser and that Chicago is a warzone, and that she will not appear."

¶ 20    The order continued that, "[a]fter numerous and continued interruptions, the Court placed [petitioner] in the Zoom waiting room." The court noted that, due to petitioner's continued abuse of Zoom, it had ordered on September 2, 2025, that her Zoom privileges were revoked for purposes of all hearings and that her failure to appear in-person would prevent her from being able to make arguments at the scheduled hearing date.

¶ 21    The circuit court then cited its September 3, 2024, order that relinquished jurisdiction to hear the case. The court found that neither party nor their minor children resided in Illinois. Instead, they had all continually resided in Florida since before the UCCJEA conference that the court held with Judge Warren of Volusia County, Florida, on September 3, 2024.

¶ 22    The circuit court granted respondent's motion to dismiss under both sections 2-615 and 2-619 of the Code. Accordingly, it dismissed the Petition to Void judgment with prejudice.

¶ 23    Petitioner timely appealed.

¶ 24                                    II. ANALYSIS

¶ 25    Respondent has not filed a response brief. As the record is simple and the issues may be readily decided without aid of an appellee's brief, we proceed with the merits of the appeal. See, *e.g.*, *In re Adoption of V.C.*, 2024 IL App (2d) 230275, ¶ 14.

¶ 26    The circuit court dismissed the Petition to Void Judgment pursuant to both sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2024)). A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint on its face, and, in ruling on a section 2-615 motion, the court takes as true all well-pleaded facts and reasonable inferences that may be drawn from those facts. *Northwestern Illinois Area on Aging v. Basta*, 2022 IL App (2d) 210234, ¶ 31. The critical inquiry is whether the allegations of the complaint are sufficient to establish a cause of action for which relief may be granted. *Id.* On the other hand, a section 2-619 motion admits the legal sufficiency of the complaint but raises defects, defenses, or other affirmative matters that defeat the claim. *Id.* ¶ 32. A dismissal under either section is reviewed *de novo*. *Id.*

¶ 27    Petitioner raises various issues on appeal, including whether the trial court violated her fourteenth amendment right to due process (U.S. Const., amend XIV, § 1) by dismissing her petition without her attendance at a remote hearing; whether the court violated the Equal Protection Clause of the United States Constitution (*id.*) and the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 *et seq.*) by requiring her appearance in-person; whether the April 27, 2022, order was void for a lack of subject matter jurisdiction; and whether the court erred in refusing to certify her bystander's report.

¶ 28    At its core, however, this appeal is about one issue: whether the circuit court erred in dismissing the Petition to Void judgment when it had relinquished jurisdiction over the family matter on September 3, 2024. For the following reasons, we hold that the court did not err in

relinquishing jurisdiction on September 3, 2024, and therefore it did not err in dismissing the Petition to Void Judgment, as it lacked jurisdiction under the UCCJEA to rule on the petition.

¶ 29 In relevant part, the UCCJEA provides that an Illinois court has jurisdiction to make an initial child-custody determination only if Illinois is the home state on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from the state but a parent continues to live in the state. 750 ILCS 36/201(a)(1) (West 2024). The UCCJEA defines "home state" as the "state in which a child lived with a parent *** for at least six consecutive months immediately before the commencement of a child-custody proceeding." *Id.* § 102(7).

¶ 30 An Illinois court has exclusive, continuing jurisdiction over a child-custody determination until, as pertinent here, an Illinois court determines that the child, the child's parents, and any person acting as a parent do not presently reside in Illinois. *Id.* § 202(a). When an Illinois court that has made a child-custody determination does not have exclusive, continuing jurisdiction under section 202 of the UCCJEA, it may modify its child-custody determination only if it has jurisdiction to make an initial determination under section 201. *Id.* § 202(b).

¶ 31 A court's determination on the exercise of jurisdiction under the UCCJEA is reviewed for an abuse of discretion. See *In re Marriage of Arulpragasam & Eisele*, 304 Ill. App. 3d 139, 149-50 (1999) (applying the abuse-of-discretion standard to the jurisdictional determination over modification of a custody agreement). An abuse of discretion occurs where a ruling is arbitrary, fanciful, or unreasonable. *In re Marriage of Iqbal & Khan*, 2014 IL App (2d) 131306, ¶ 44.

¶ 32 Here, the record is clear that Illinois is no longer the home state and has not been the home state for years. The record shows that respondent has lived in Florida since July 2020. Following an award of temporary guardianship of three of the children to respondent, those three children

were removed to Florida in August 2021. Petitioner then moved to Florida in December 2021, and the circuit court granted her leave on February 28, 2022, to transfer the family matter to Florida. Finally, the court awarded respondent custody of the parties' fourth child on June 27, 2023. Thus, by the time the court relinquished jurisdiction on September 3, 2024, it had been over a year since any relevant party had lived in Illinois, and it had been over two years by the time that petitioner filed the Petition to Void Judgment.

¶ 33    Petitioner does not dispute any of these facts. Rather, her appeal is premised on the court losing jurisdiction under the UCCJEA even earlier than September 3, 2024, that is, by the time it entered the Parenting Order on April 27, 2022.

¶ 34    Thus, the circuit court did not err in granting respondent's motion to dismiss the Petition to Void Judgment, because the court did not abuse its discretion in relinquishing jurisdiction to Florida on September 3, 2024, and the court therefore lacked jurisdiction under the UCCJEA to modify the Parenting Order.

¶ 35    Even if the circuit court had reached the merits of the Petition to Void Judgment, denial of the petition would have been appropriate. Our supreme court has explained that, although the UCCJEA speaks in terms of "jurisdiction," the term "jurisdiction" in the context of the statute is understood as a procedural limit on when the court may hear custody matters. See *McCormick v. Robertson*, 2015 IL 118230, ¶ 27 (examining initial child-custody jurisdiction under section 201 of the UCCJEA (750 ILCS 36/201 (West 2010)). That is, "jurisdiction" under the UCCJEA is not a precondition to the court's inherent authority to hear the matter; authority to hear the matter "emanates solely" from article VI, section 9 of the (Ill. Const. 1970, art. VI, § 9). *McCormick*, 2015 IL 118230, ¶ 27. Thus, regardless of whether the circuit court's entry of the Parenting Order

violated the terms of the UCCJEA, the court had subject matter jurisdiction to enter the order at the time, and the order should not be rendered void for lack of such jurisdiction. *Id.* ¶ 28.

¶ 36    Moreover, we find petitioner's procedural arguments unpersuasive. Although petitioner would have us find that due process, equal protection, and the ADA were all violated by proceeding with the October 8, 2025, hearing without her presence on Zoom, no violations are supported by the record before us. Illinois Supreme Court Rule 45(b)(1) specifically permits a circuit court judge discretion to require a party to attend a court proceeding in person for reasons particular to the specific case, including for the failure of a party to "follow applicable standards of decorum." Ill. S. Ct. R. 45(b)(1) (eff. Mar. 1, 2026).

¶ 37    As far as is discernible from the record provided, the circuit court had revoked petitioner's Zoom privileges prior to the hearing on respondent's motion to dismiss, due to her disruptive behavior on Zoom. There is nothing in the record to indicate that respondent or other litigants before the court were allowed to attend hearings via Zoom despite behaving in a disruptive manner similar to petitioner.

¶ 38    To the extent, if any, that petitioner was not properly notified that she had to attend the hearing on the motion to dismiss in person—here, an employee of the clerk's office had emailed her on September 23, 2025, with the September 2, 2025, order requiring her in-person appearance at the October 8, 2025, hearing—the court spoke to her on Zoom at the outset of the hearing on the motion to dismiss and offered petitioner the opportunity to reschedule the hearing. See Ill. S. Ct. R. 45(b)(1) ("When exercising such discretion, the judge shall inform case participants on the record if they are required to attend a future court proceeding in person."). Petitioner responded that she would not appear before the court, calling the court an "abuser" and Chicago a "warzone."

In short, the court treated petitioner in accord with relevant supreme court rules in the same manner as it should any other litigant.

¶ 39    As to petitioner's claimed disabilities, she identifies hearing loss in one ear and post-traumatic stress disorder (PTSD), but she has not identified why remote attendance at the hearing was necessary to accommodate these claimed disabilities. At most she baldly claims her PTSD is due, in part, to "the ongoing actions of Circuit 19 since October 8, 2020." Without more, we have no basis to find the court abused its discretion in requiring in-person attendance under Rule 45(b).

¶ 40    Finally, regarding petitioner's bystander's report, her proposed report listed seven hearing dates, with five of the hearings held on or before April 27, 2022. Most of her proposed report summarizes proceedings prior to filing her Petition to Void Judgment. Regarding the events of the October 8, 2025, hearing on respondent's motion to dismiss, she wrote only that after waiting in a Zoom waiting room, she was informed by the court that it was dismissing the Petition to Void Judgment.

¶ 41    The circuit court heard and ruled on petitioner's motion to certify her bystander's report on December 9, 2025, order. In its order, the court stated that petitioner appeared by Zoom and respondent did not appear. The court had allowed petitioner to read a statement, which included telling the court that respondent had not provided her with a proposed bystander's report nor made amendments to hers. Petitioner then interrupted the court repeatedly while it was trying to make observations about her proposed report, including that the report contained many irrelevant court dates going back almost five years.

¶ 42    The court explained to petitioner that she was not present for the October 8, 2025, hearing because, because she "did not appear in person as ordered, and because of her continued interruption, [she] was placed in the Court's Zoom waiting room." It reiterated that the October 8,

2025, hearing was a summary hearing, not an evidentiary hearing. While the court tried to explain these things, petitioner continued to interrupt the court and began sending messages via Zoom's chat feature. The court ultimately found that the written order from October 8, 2025, was "the best record of what occurred during the hearing on October 8, 2025," and it filed that order along with its order on the bystander's report as an accurate report of proceedings.

¶ 43 In short, the circuit court declined to certify petitioner's bystander's report because she was not present at the hearing she purported to recollect and, instead, her report was largely describing various past, irrelevant hearings. Therefore, the court did not abuse its discretion in denying certification of petitioner's proposed bystander's report and certifying its written order from the relevant hearing as a report of proceedings. See *Stehl v. Dose*, 83 Ill. App. 3d 440, 444 (the circuit court did not err in refusing to certify a bystander report because it was not an accurate report of proceedings); see also Ill. S. Ct. R. 323(c) (eff. July 1, 2017) (providing procedure for preparation of a bystander's report).

¶ 44 For all these reasons, the circuit court did not err in dismissing the Petition to Void Judgment.

¶ 45 III. CONCLUSION

¶ 46 We affirm the judgment of the circuit court of Lake County.

¶ 47 Affirmed.